IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLESIA PATE,

    Plaintiff,

v.

MICHELIN NORTH AMERICA, INC.,
MICHELIN RETREAD
TECHNOLOGIES, INC., AND
VEOLIA TRANSPORTATION
SERVICES, INC.

    Defendant.

CIVIL ACTION NUMBER

15-CV-02425

**DEFENDANT TRANSDEV SERVICES, INC. F/K/A
VEOLIA TRANSPORTATION SERVICES, INC.'S
MOTION TO EXCLUDE LATE NAMED EXPERTS**

COMES NOW, Defendant **TRANSDEV SERVICES, INC. F/K/A VEOLIA TRANSPORTATION SERVICES, INC. ("Veolia"),** and files this its motion to exclude 5 experts named less than 9 days before the close of discovery, showing the following:

## STATEMENT OF FACTS

This is a renewal action of a suit originally filed in Gwinnett County State Court on July 5, 2013, in which after more than 12 months of discovery and after

Defendant filed summary judgment, Plaintiff voluntarily dismissed on February 6, 2015. The action arises out of an incident that occurred on July 30, 2011, where Plaintiff alleges she was injured after being trampled by other passengers on a commuter bus operated by Veolia. (Compl. ¶¶ 9 - 13). Now, 9 days before the close of discovery, on March 16, 2016, Plaintiff amended her initial disclosures to name Dr. Thomas Branch as a non-retained testifying expert. (Doc. 34). The next day, March 17, 2016, Plaintiff again amended her initial disclosures to name 4 additional non-retained testifying experts. (Doc. 36).[1] The following is a brief statement regarding the history of this case.

## I. State Court Action

Plaintiff originally filed suit against Defendant on July 5, 2013 in Gwinnett County State Court. The parties conducted discovery for more than 12 months. On November 4, 2013, Plaintiff responded to written discovery and named no testifying experts. (State Court Int. 9). Thereafter, Defendant filed a motion for summary judgment, and on February 6, 2015, Plaintiff voluntarily dismissed her complaint.

## II. District Court Action

---

[1] Plaintiff also noticed 2 depositions of Defendant's employees, the deposition of a former employee, and a 30(b) deposition in the nine days before the close of discovery.

Plaintiff refiled suit in this Court on July 7, 2015. (Doc. 1). On October 9, 2015, she filed her initial disclosures. (Doc. 21). She did not name any experts. (Doc. 21 ¶ 4). According to Plaintiff, "Plaintiff will identity any witnesses expected to give expert testimony in the times laid out by the Court. However, Plaintiff's treating physicians may provide expert medical testimony." (Doc. 21 ¶ 4). Plaintiff did not provide "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," or "a summary of the facts and opinions to which the witness is expected to testify" as required by Fed. R. Civ. P. 26(b)(2)(C).[2]

On December 4, 2015, Plaintiff responded to written discovery. She did not name any experts. (Int. 7). Instead she responded, "Plaintiff has not yet determined who [sic] he expects to call as an expert witness at the trial of this case. Plaintiff reserves the right to supplement this response pursuant to and in accordance with the requirements of the applicable rules of civil procedure and rules of Court." (Int. 7). Plaintiff did not supplement in accordance with the rules of civil procedure and rules of the Court.

---

[2] It is difficult to tell from the limited information provided even in the current disclosure, but the purported testimony of the experts likely would require a full report and disclosure as specially retained experts. Unfortunately, due to the late disclosure and minimal information, Defendant can only guess.

Discovery was originally scheduled to close on February 9, 2016. (Doc. 22). However, the parties filed a consent motion to extend the discovery period 45 days to March 25, 2016, which the Court granted. Nearly 3 years after originally filing suit, after more than 17 total months of discovery, and 9 days before the close of discovery, Plaintiff first identified an expert on March 16, 2016. (Doc. 34).

### III. Named Experts

Plaintiff has identified 5 non-retained experts she expects to give testimony (Docs. 34 & 36). Each is a treating physician. (Docs. 34 & 36). According to her first supplemental initial disclosure, Dr. Thomas Branch treated her from June 25, 2013 to March 5, 2014. (Doc. 34). In her second supplemental initial disclosure, Plaintiff named 4 more experts: 1) Dr. Charles Moore who treated Plaintiff on July 30, 2011; 2) Jason Weeks, DC who treated Plaintiff from August 8, 2011 to December 12, 2011; 3) Stephen Frazee, DC who treated Plaintiff from January 2, 2013 to February 13, 2013; and 4) Dr. Julian Gordon who saw Plaintiff on June 25, 2014 (Doc. 36).

## ARGUMENT AND CITATION OF AUTHORITY

### I. The Late-Named Experts Should Be Excluded Pursuant to Local Rule 26.2(C)

This Court's local rule applying Fed. R. Civ. Pro. 37 prohibits experts from testifying if they are named too late in the discovery period.

> C. Expert Witnesses. Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Local R. 26.2(C). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) quoting Cooper v. S. Co., 390 F.3d 695, 728 (11th Cir. 2004).

This Court's local rule requires expert witnesses to be identified with sufficient time to allow four things to occur within the discovery period: 1) Defendant to depose the expert(s); 2) Defendant to retain its own rebuttal expert(s); 3) Defendant identify and provide a report for those rebuttal expert(s); and 4)

-5-

Plaintiff to depose rebuttal experts. Nine days is impossibly short for Defendant to depose a single newly named expert, retain and identify a rebuttal expert, and Plaintiff to depose that expert - yet Plaintiff did not identify one expert, but named 5 experts. Local Rule 26.2(C) requires that those experts be prohibited from testifying. Nine days is not enough. *See* Reese v. Herbert, 527 F.3d 1253 (11th Cir. 2008) (12 days before the close of discovery was insufficient.); Carolina Cas. Ins. Co. v. R.L. Brown & Associates, Inc., No. 1:04-CV-3537-GET, 2007 WL 174171, at *3 (N.D. Ga. Jan. 19, 2007) ("[T]the court finds that plaintiffs' disclosure of Messrs. Craig, Beers, and Wells as expert witnesses seventeen days before the close of discovery violates Local Rule 26.2C."); Gainor v. Douglas Cty., Georgia, 59 F. Supp. 2d 1259, 1297 (N.D. Ga. 1998) (Expert report provided 26 days prior to close of discovery was insufficient and expert excluded.); Coyote Portable Storage, LLC v. PODS Enterprises, Inc., No. 1:09-CV-1152-AT, 2011 WL 1870593 (N.D. Ga. May 16, 2011) (36 days before close of discovery was insufficient).

## II.  **Defendant Is Prejudiced By Plaintiff's Late Disclosure**

This matter has been in litigation for nearly 3 years. Seventeen months of discovery have been conducted. Despite that, Plaintiff has only now named 5

experts. Only 9 days before the close of discovery did Defendants learn that Plaintiff intended to use expert testimony from 5 different witnesses.

It is not necessary for Defendant to show prejudice from Plaintiff's violation of Local Rule 26.2(C). Lack of prejudice will not forgive Plaintiff's violation of the local rule. <u>Fedrick v. Mercedes-Benz USA, LLC</u>, 366 F. Supp. 2d 1190 (N.D. Ga. 2005) However, Defendant is indisputably prejudiced. It does not have an opportunity to depose these witnesses and, if necessary, retain rebuttal experts. Simply because Defendant may have known these experts existed is not sufficient to cure this prejudice. Defendant had no way of knowing Plaintiff intended to elicit expert testimony from these witnesses and had no way of knowing that it had any need to depose these experts to learn their opinions or retain their own rebuttal experts. This Court has specifically rejected that argument. <u>Morrison v. Mann</u>, 244 F.R.D. 668, 674 (N.D. Ga. 2007) ("The description of Dr. Sotomayor in plaintiffs' initial disclosures did not indicate to defendants' counsel that Dr. Sotomayor was intended to serve as an expert witness.").

Defendant is further prejudiced by Plaintiff's dragging out the litigation over such a length of time. Defendant has participated in discovery for 17 months. Any additional discovery at this late date is unreasonable, unjustified, and prejudicial.

### III.  Plaintiff Has No Justification For Identifying 5 Experts 9 Days Before Discovery Closes

Plaintiff's late disclosure has *no* justification. From the moment Plaintiff filed this suit, she knew, or should have known, of the need to prove causation of her injuries, and she knew the identity of the recently identified experts. Nothing has changed from the moment she filed this suit in federal court. Nothing has changed since July 5, 2013, when she filed this suit in state court. "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party. The appropriateness of a party's justification turns upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." Vision Airlines, Inc. v. SST Air, LLC, No. 2:12-CV-00021-WCO, 2013 WL 6908935, at *3 (N.D. Ga. Feb. 27, 2013) (internal citations omitted).

"With respect to both rules [Fed. R. Civ. Pro. 37 and Local R. 26.2(C)], the appropriateness of a party's justification turns upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." Morrison v. Mann, 244 F.R.D. 668, 673 (N.D. Ga. 2007). Here, this justification cannot apply.

First, Plaintiff knew or should have known an expert would be necessary from at least the moment she filed this suit. Injury causation is a necessary part of every personal injury action. Kent v. Peters, 211 Ga. App. 698, 698, 440 S.E.2d 87 (1994). Because Plaintiff's burden to prove causation in her case relies on expert testimony she cannot complain that she was surprised by the need for expert testimony. This fact alone rebuts and precludes a justification showing. *See* Morrison v. Mann, 244 F.R.D. 668, 674 (N.D. Ga. 2007) ("[P]laintiffs should have known that an expert medical witness was necessary to prove their [medical malpractice] causes of action."). Moreover, even if the nature of the action itself suggests that expert testimony *may* be needed, that is sufficient to put Plaintiff on notice. APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328 (N.D. Ga. 2004) ("The Court finds that Plaintiffs' failure to comply in this case was not justified. Plaintiffs premise their argument on this being a case involving complex financial transactions, but it was readily apparent during discovery that complex financial transactions would be at issue. The need for an expert should have been apparent during discovery.").

Nothing has changed that that would justify Plaintiff naming experts at this late date. Defendant has not recently named an expert or disclosed new information regarding her medical condition. Even Plaintiff's condition has not changed since

at least June 25, 2014. There has been no new treatment, and even the named expert who most recently treated her last treated her on June 25, 2014. Most egregiously, it is undisputed that Plaintiff knew the identity of these experts for at least several years before they were named. (Doc. 34 & 36). According to the initial disclosures, Plaintiff treated with Dr. Thomas Branch from June 25, 2013 to March 5, 2014 (Doc. 34);  Dr. Charles Moore on July 30, 2011; Jason Weeks, DC from August 8, 2011 to December 12, 2011; Stephen Frazee, DC from January 2, 2013 to February 13, 2013; and Dr. Julian Gordon on June 25, 2014 (Doc. 36). There is no justification.

## **CONCLUSION**

After nearly 3 years of litigation and 17 months of discovery, Plaintiff's failure to name a single expert until 9 days before the end of discovery is neither reasonable nor justified. Defendant is unduly prejudiced by the late naming of experts and would likewise be prejudiced by additional discovery and delays. Each expert should be excluded pursuant to Local Rule 26.02(C) and Fed. R. Civ. Pro. 37.

Submitted this 25th day of March, 2016.

HALL BOOTH SMITH, P.C.

*/s/ Sean B. Cox*
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia State Bar No. 664108
*Counsel for Defendant Transdev Services, Inc. f/k/a Veolia Transportation Service, Inc.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
E-mail: smoulton@hallboothsmith.com
E-mail: scox@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALLESIA PATE,<br><br>    Plaintiff,<br>v.<br>MICHELIN NORTH AMERICA, INC.,<br>MICHELINE RETREAD<br>TECHNOLOGIES, INC., AND<br>VEOLIA TRANSPORTATION<br>SERVICES, INC.<br><br>    Defendant. | CIVIL ACTION NUMBER<br><br>15-CV-02425 |

The foregoing **DEFENDANT TRANSDEV SERVICES, INC. F/K/A VEOLIA TRANSPORTATION SERVICES, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** complies with the type-volume limitation set forth in Local Rule 7.1.

Respectfully submitted this <u>25th</u> day of March, 2016.

>                           **HALL BOOTH SMITH, P.C.**
>
>                           */s/ Sean B. Cox*
>                           SCOTT H. MOULTON
>                           Georgia Bar No. 974237
>                           SEAN B. COX
>                           Georgia State Bar No. 664108

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLESIA PATE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHELIN NORTH AMERICA, INC., MICHELIN RETREAD TECHNOLOGIES, INC., AND VEOLIA TRANSPORTATION SERVICES, INC.<br><br>    Defendant. | CIVIL ACTION NUMBER<br><br>15-CV-02425 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the within and foregoing **DEFENDANT TRANSDEV SERVICES, INC. F/K/A VEOLIA TRANSPORTATION SERVICES, INC.'S MOTION TO EXCLUDE LATE NAMED EXPERTS** upon all parties to this matter by depositing a true copy of same by electronic filing, which will provide electronic notice to the following:

Jeffrey M. Wasick, Esq.
Lawrence L. Buddoo
Buddoo & Associates, P.C.
1401 Peachtree Street, NW, Suite 500
Atlanta, GA  30309


Patrick J. Hannon, Esq.
Hannon Law Firm PC
1230 Peachtree St, NE
Suite 950
Atlanta, Georgia 30309

Respectfully submitted this <u>25th</u> day of March, 2016.

                              **HALL BOOTH SMITH, P.C.**

                              */s/ Sean B. Cox*
                              SCOTT H. MOULTON
                              Georgia Bar No. 974237
                              SEAN B. COX
                              Georgia State Bar No. 664108
                              *Counsel for Defendant Transdev Services, Inc. f/k/a Veolia Transportation Service, Inc.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
E-mail: smoulton@hallboothsmith.com
E-mail: scox@hallboothsmith.com

52681349-1