IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLESIA PATE,<br><br>    Plaintiff,<br><br>v.<br><br>VEOLIA TRANSPORTATION SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO.: 1:15-cv-02425-CAP |

**PLAINTIFF ALLESIA PATE'S RESPONSE TO DEFENDANT TRANSDEV SERVICES, INC.'S MOTION TO EXCLUDE LATE NAMED EXPERTS**

Plaintiff Allesia Pate hereby responds to Defendant Transdev Services, Inc. F/K/A Veolia Transportation Services, Inc.'s Motion to Exclude Late Named Experts. This Court should deny Transdev's motion because Plaintiff's failure to fully disclose her treating physicians' opinions earlier is harmless and because striking all of Plaintiff's medical causation testimony is too harsh a sanction. Plaintiff's treating physicians were disclosed—although not in compliance with Fed.R.Civ.P. 26(a)(2)(C)—at the beginning of the discovery period. On March 16 and 17, 2016, the treating physician's opinions were fully and properly disclosed.

Extending the discovery period as Plaintiff requested in her pending motion [Doc. 41] (filed within the discovery period) would prevent any harm to Transdev from the earlier non-compliant disclosure. In the alternative, if this Court believes further action is warranted, this Court could impose a less-severe sanction than excluding all Plaintiff's expert medical testimony.

## Facts and Procedural Background

Plaintiff Allesia Pate, a passenger on a bus operated by Transdev, was injured on July 30, 2011, when a bus tire exploded, causing a loud noise and smoke inside the bus. [Doc. 1, ¶ 12] The noise frightened the passengers and caused a panicked attempt to flee the bus. Plaintiff was injured by her fellow passengers as they attempted to flee the bus but had their path blocked by wheelchair that was on the lift in the only available exit door. [Doc. 1, ¶ 12]

Plaintiff sought treatment in the Emergency Department on the day of the incident and complained of neck pain and shoulder pain, among other symptoms. Plaintiff was treated by ER doctor Charles Moore, who took x-rays and ordered her to follow up with her primary care provider. Plaintiff began treating with Jason Weeks, D.C., on August 8, 2011, and treated with him through December 2011. [Doc. 36]

She began treating with Stephen Frazee, D.C., on January 2, 2013, complaining of left sided neck pain radiating into her shoulder, left upper back pain, left shoulder pain, inability to raise her left arm above shoulder height, and left hand weakness and fingertip numbness. On February 13, 2013, Dr. Frazee strongly recommended a cervical MRI and a left shoulder MRI. He also instructed Plaintiff to go to an orthopedic surgeon. [Doc. 36]

Plaintiff then began seeing orthopedist Thomas Branch, M.D., on June 25, 2013. On March 5, 2014, Dr. Branch performed surgery (subacromial decompression) on Plaintiff's shoulder. [Doc. 34]

Plaintiff originally brought suit in state court and during that suit provided her medical records to Transdev. Plaintiff later dismissed the state court action and filed this renewal action on July 7, 2015.

On October 9, 2015, Plaintiff filed her initial disclosures in this case. [Doc. 21]. The disclosures stated that her treating physician would provide expert testimony:

> Plaintiff has not retained a witness that it expects will provide expert testimony at this time.  Plaintiff will identify any witnesses expected to give expert testimony in the times laid out by the Court. However, Plaintiff's treating physicians may provide expert medical testimony.

[Doc. 21, p. 9]  The next page of the disclosures listed Plaintiff's medical providers and noted that Plaintiff previously provided her medical records to Transdev. [Doc. 21, p. 10]

Thus, very early in the discovery period, Transdev had all Plaintiff's medical records, the identities of all Plaintiff's treating physicians, and a general statement that the physicians might provide expert medical testimony.

In addition, Plaintiff's response to Transdev's interrogatories severed on December 4, 2015, included the following response to Transdev's Interrogatory Number 13, which asked for the identities of Plaintiff's medical providers after the incident:

|   | **PROVIDER** |   | **DOS** | **TOTAL** |
|---|---|---|---|---|
| 1 | Wellstar Cobb ER Physicians/The Bortolazzo Group Charles M. Moore, MD | 677 Church Street NE, Marietta, Georgia 30060 | 7/30/11 | $361.00 |
| 2 | Wellstar/Quantum Radiology |   | 7/30/11 | $103.00 |
| 3 | Wellstar Kennestone Hospital |   | 7/30/11 | $1,548.00 |
| 4 | Marietta Physical Rehab Jason Weeks, D.C. | 2395 Windy Hill Road, Suite 320 Marietta, Georgia 30067 | 8/8/11 – 12/12/11 | $5,100.00 |
| 5 | Rehab Orthopedic | 1452 Church | 1/20/12 | $525.00 |

|   | | | | |
|---|---|---|---|---|
|   | Medicine/Dr. D'Auria | Street, Decatur, GA 30030 | | |
| 6 | Marietta Imaging Center<br>Jay Curtin, M.D.<br>Derek Pollard, M.D. | 780 Canton Road N.E., Suite 230 Marietta, GA 30060 | 2/12/13 | $3,790.00 |
| 7 | Comprehensive Medical Center<br><br>Stephen Frazee, D.C. | 4052 Atlanta Street, Suite C Powder Springs, GA 30127 | 1/2/13-2/13/13 | $1,020.00 |
| 8 | University Orthopaedic<br><br>Thomas Branch, M.D.<br><br>Comprehensive RX | 1505 Northside Drive, Suite 4700 Cumming, GA 30041 | 6/25/2013-6/23/2015<br><br><br>3/11/2014-10/21/2014 | $33,756.85<br><br><br><br>$1,185.34 |
| 9 | Northlake Anesthesia Professionals<br>Florence Lyford, M.D. | | 3/5/2014 | $1,288.00 |
| 10 | Northlake Surgical Center | 1491 Montreal Road Tucker, GA 30084 | 3/5/2014 | $38,423.00 |
| 11 | Benchmark Physical Therapy<br>Robert White, PT<br>Daniel J. Hallahan, PT<br>Whitney C. Ewin, PT | 2580 Windy Hill Road, SE, Marietta, GA 30067 | 3/17/2014-7/10/2014 | $15,832.25 |
| 12 | Game Ready<br>Post-op Rental Medical Device | | 3/5/2014 | $1,960.00 |
| 13 | Meds Management | | 3/11/2014- | $544.48 |

|    |                                                          |                                              | 4/8/2014    |                                                    |
|----|----------------------------------------------------------|----------------------------------------------|-------------|----------------------------------------------------|
|    | Group Prescriptions from Thomas Branch, M.D.             |                                              |             |                                                    |
| 14 | Plastikos Surgical Estimate Julian Gordon, M.D.          | 4370 Georgetown Square Atlanta, GA 30338     | 6/25/14-IME | $450.00  $2,595.00 (estimate for treatment)       |
|    | Total of above medical expenses actually incurred: $105,886.90 ||||

[Doc. 40-7, pp. 12-14]

On January 19, 2016, the parties filed a joint motion to extend discovery. [Doc. 26]  In that motion, the parties stated, "It also is anticipated that a discovery deposition of Plaintiff's orthopedic surgeon Dr. Thomas Branch will be secured." [Doc. 26 ¶ 3]. Transdev, however, never scheduled the deposition of Dr. Branch.

The undersigned entered an appearance for Plaintiff on March 15, 2016, [Doc. 31] and immediately began working on supplemental disclosures of the facts and opinions on which Plaintiff's treating medical providers would provide expert testimony.  On March 16, 2016, Plaintiff filed a Rule 26(a)(2)(C) disclosure of the opinions of her main treating physician, Thomas Branch, M.D. [Doc. 34]  On March 17, 2016, Plaintiff provided Rule 26(a)(2)(C) disclosures for the Emergency Room doctor (Charles Moore, M.D.), two treating chiropractors (Jason Weeks,

6

D.C. and Stephen Frazee, D.C.), as well as a plastic surgeon who evaluated Plaintiff for scar repair surgery. [Doc. 36] (Plaintiff, however, no longer wishes to call Dr. Gordon, and hereby withdraws Dr. Gordon as a potential witness.) These disclosures stated that the doctors will provide expert testimony regarding medical causation, among other things, and the facts that form the basis of those opinions are all taken from facts included in the medical records.

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

FED.R.CIV.P. 26(a)(2)(A) requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the witness providing expert testimony "is one retained or specially employed to provide expert testimony in the case" the disclosure must be accompanied by a detailed written report. *See* FED.R.CIV.P. 26(a)(2)(B)(i) – (vi).

For experts not required to submit that detailed report, Rule 26(a)(2)(C) requires a statement of "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." FED.R.CIV.P. 26(a)(2)(C)(i)&(ii).

The disclosure required under Rule 26(a)(2)(C) "is considerably less extensive than the report required by Rule 26(a)(2)(B)." *See Schultz v. Ability Ins. Co.*, No. C11–1020, 2012 WL 5285777, * 2 (N.D. Iowa, Oct. 25, 2012) (citing Advisory Committee notes (2010) as stating that "frequent examples [requiring only summary disclosure] include physicians or other health care professionals.")

**1.     The harsh sanction of striking all of Plaintiff's medical causation testimony is not warranted because Plaintiff disclosed the treating doctors as potential medical experts and provided their medical records early in discovery—and because any harm to Transdev is curable.**

As an initial matter, Plaintiff concedes that the statement in her initial disclosures that her "treating physicians may provide expert medical testimony" did not fully comply with Rule 26(a)(2)(C). This is true even thought at the time of that disclosure Transdev had Plaintiff's medical records and the identities of the treating physicians.

That Plaintiff provided her medical records to Transdev, disclosed the identities of her treating physicians, and stated they may provide expert medical testimony does, however, mitigate against the harsh sanction requested by Transdev, as is discussed in more detail in Section 2 below.

As discussed in Section 3 below, the cases cited by Transdev in the section of its brief on exclusion [Doc. 40, pp. 4-6] are inapplicable because they deal with

retained experts.  Rather, the applicable cases are those addressing an incomplete Rule 26(a)(2)(C) disclosure of a treating physician's medical testimony, such as *Kondragunta v. Ace Doran Hauling & Rigging Co.*, Civil Action No. 1:11–cv–01094–JEC, 2013 WL 1189493 (N.D. Ga, March 21, 2013), and *Schultz v. Ability Ins. Co.*, No. C11–1020, 2012 WL 5285777 (N.D. Iowa, Oct. 25, 2012).

In *Kondragunta v. Ace Doran Hauling & Rigging Co.*, Civil Action No. 1:11–cv–01094–JEC, 2013 WL 1189493, *6 (N.D. Ga, March 21, 2013), the court held that the Plaintiff's disclosures of treating doctors failed to "comply with Rule 26(a)(2)(C)(ii), which requires a summary of the facts and the opinions on which the witness is expected to testify."[1]  The court then addressed whether the

---

[1] Transdev argues in its response to Plaintiff's motion to extend discovery that the *Kondragunta* decision is inapplicable because the only issue there was whether the plaintiff was required to provide a retained expert report or non-retained expert disclosures. [Doc. 42, p. 6] That reading is incorrect. The plaintiff in *Kondragunta* provided supplemental disclosures of his treating physicians at the beginning of the expert discovery phase. *Id.* * 4. Transdev characterized those disclosures as "identifying the experts [the plaintiff] intended to call, the experts' opinions, and the basis for those opinions."  [Doc. 42, p. 6]  The court in *Kondragunta*, however, rejected that characterization and explicitly held the opposite. *Kondragunta* at * 6-7. The court stated that the disclosure did not comply with Rule 26(a)(2)(C) because "Plaintiff did not…comply with Rule 26(a)(2)(C)(ii), which requires a summary of the facts and the opinions on which the witness is expected to testify. The reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion." *Id.* at *6. Thus, the *Kondragunta* decision addressed the same situation as this case: non-compliant

plaintiff's treating physicians should be excluded based on that non-compliance. *Id.* at *9. The court noted that a witness not adequately disclosed by Rule 26(a) may be excluded, but that the court does not have to impose those sanctions if it believes the failure was "substantially justified or is harmless." *Id.*

The court then stated that "in the past, other judges in this district have applied a five-factor test to determine whether an insufficient disclosure is harmless." *See id.* at *7 (citing cases). The five factors are:

> (1) the surprise to the party against whom the evidence would be offered;
>
> (2) the ability of that party to cure the surprise;
>
> (3) the extent to which allowing the evidence would disrupt the trial;
>
> (4) the importance of the evidence; and
>
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at * 7.

The court in *Kondragunta* then applied those factors, and then stated, "Ultimately, the inquiry focuses on whether the plaintiff's non-compliant disclosure created harm that cannot be cured." The court concluded that most

---

Rule 26(a)(2)(C) disclosures of treating physicians. In this case, though, compliant disclosures were eventually made within the discovery period.

courts that have dealt with this same question have answered that question, "No," and have given the non-compliant party an opportunity to provide a compliant report and permitted the moving party to depose those witnesses. *Id.* \* 8. In this case, Plaintiff has provided compliant reports, and all that is needed is additional time for Transdev to take depositions and identify rebuttal experts.

The facts of *Schultz v. Ability Ins. Co.*, No. C11–1020, 2012 WL 5285777 (N.D. Iowa, Oct. 25, 2012) also are similar to this case in that treating physicians were disclosed, but the plaintiff's disclosure did not comply with Rule 26(a)(2)(C). The disclosure of expert witnesses identified two treating physicians. The disclosure simply stated that the doctors "have knowledge of facts and opinions within the scope of expert testimony under the Federal Rules," and referred to the physician's records. *Id.* at \*2. The court found this disclosure failed to comply with Rule 26(a)(2)(C), and then examined the appropriate remedy, concluding that the appropriate remedy was permitting the defendant to re-depose the doctors if necessary, limiting the doctor's opinions to those expressed in their affidavits, and providing the defendant with 30 days in which to identify a rebuttal expert. *Id.* at \*6.

**2.   Applying the five factors to this case, the appropriate remedy is the remedy in *Kondragunta* and *Schultz*—giving Transdev addition time in which to depose Plaintiff's doctors and identify a rebuttal expert.**

As for the first factor, Transdev cannot claim that it did not know that Plaintiff might call her treating doctors to provide medical causation testimony. Plaintiff indicated that she might do so in her initial disclosures at the beginning of the discovery. The statement in the joint motion to extend discovery about scheduling the discovery deposition of Dr. Branch is evidence that Transdev contemplated scheduling Dr. Branch's deposition, but decided not do so.

After Plaintiff served her compliant disclosures on March 16 and 17, 2016, Trandev did not attempt to the depose any of Plaintiff's doctors. Had Transdev attempted to do so, it is quite possible that Plaintiff's main treating physician, Dr. Branch, could have been deposed within discovery. Instead, Transdev opposed Plaintiff's attempts to cure any surprise (the second factor of the test) by informally refusing to agree to a joint motion to extend discovery[2] and opposing Plaintiff's motion to extend the discovery period to permit Transdev to depose Plaintiff's treating physicians. [Doc. 42, pp. 4-6]  Transdev opposed extending discovery,

---

[2] Shortly after entering an appearance in this case on March 15, 2016, the undersigned counsel for Plaintiff spoke by telephone with defense counsel Scott Moulton.  During the conversation, defense counsel stated that he would not consent to a second motion to extend discovery.

arguing that "Defendants prejudice was caused by one thing – plaintiff dragging this case out over years of litigation and discovery." [Doc. 42, pp. 5-6] But this is not what the case law means by prejudice. S*ee Schultz v. Ability Ins. Co.*, No. C11–1020, 2012 WL 5285777 at * 6 (N.D. Iowa, Oct. 25, 2012) (finding that "any prejudice to [defendant] may be mitigated by allowing further depositions, if needed, and time to identify a rebuttal expert"); *see also Kondragunta* at *8 (holding that the inquiry focuses on whether the plaintiff's non-compliant disclosure created a harm that cannot be cured and finding that it usually can be cured by permitting depositions of the treating doctors after the compliant disclosure).

Third, permitting Transdev additional time to depose Plaintiff's treating medical providers would not disrupt the trial. Fourth, the importance of the evidence weighs in favor of permitting Plaintiff's doctors to testify. The court in *Kondragunta* noted that, if plaintiff's doctors are excluded, the case will not make it past summary judgment. *Kondragunta* at *8. The same result may be true in this case.

Fifth, the non-disclosing party's explanation for its failure to disclose the evidence is that the attorney handling the case did not realize the extent of the

disclosure required earlier in the discovery period. As soon as this error was realized, Plaintiff filed more-detailed disclosures compliant with Rule 26(a)(2)(C).

Accordingly, the appropriate remedy is granting Plaintiff's motion to extend the discovery period [Doc. 41], and permitting Transdev to depose Plaintiff's doctors and identify any desired rebuttal experts.

**3.  The cases that Transdev cites are inapplicable because they address retained experts from whom a detailed expert report was required.**

Transdev argues in Section I of its brief that late-named experts should be excluded pursuant to Local Rule 26.2(C). [Doc. 40, pp. 4-6] But none of the cases that Transdev cites in Section I involve treating physicians who were disclosed, albeit not in full compliance with Rule 26(a)(2)(C). All of the cases in Transdev's Section I involved retained experts, many of whom either did not provide during discovery the detailed report required of retained experts or whose testimony was also not admissible for some other reason.

First, *Reese v. Herbert*, 527 F.3d 1253, 1264-65 (11th Cir.2008), was a Section 1983 case where the retained expert was orally identified nine days before the close of discovery but the expert report was not provide until seven weeks after the close of discovery.

*Carolina Cas. Ins. Co. v. R.L. Brown & Associates, Inc.*, No. 1:04-CV-3537-GET, 2007 WL 174171 (N.D.Ga., Jan 19, 2007) No. 1:04-CV-3537-GET, was a construction case, also not involving inadequately disclosed treating physicians. Transdev points to three excluded experts who were identified 17 days before the close of discovery. Two of the experts, however, did not provide a report at all, and the third provided a report without attachments. *Id.* at *3. More importantly, the plaintiffs replied to the motion to exclude by stating that the three witnesses "will not give expert testimony at trial." *Id.* Therefore there was no need to address the five-factor test.

*Gainor v. Douglas Cty., Georgia*, 59 F. Supp. 2d 1259, 1297 (N.D. Ga. 1998), was a Section 1983 case involving a police stop. Despite the defense's continued prodding, the plaintiff did not provided the retained expert's report until 26 days before the close of discovery. The court found that the time was insufficient to permit the defendants to respond given how extensive the report was. In addition, after reviewing correspondence between counsel, the court found that the failure to produce it earlier was in "willful disregard of the Federal Rules of Civil Procedure," and the court therefore excluded the report from consideration on summary judgment. In this case, however, the late disclosure was not willful,

and the disclosures track the medical records that have been in Transdev's possession since the begging of this suit.

*Coyote Portable Storage, LLC v. PODS Enterprises, Inc.*, No. 1:09-CV-1152-AT, 2011 WL 1870593 (N.D. Ga. May 16, 2011), involved a dispute over a franchise agreement, and the proposed expert was disclosed to provide expert testimony regarding the meaning and interpretation of the franchise agreement. The court excluded the defendant's retained expert, who was disclosed with just over one month left in a 12-month discovery period, because the defendant should have anticipated a need for the expert earlier. But the court did not address the five factors because the court held that the proposed expert's testimony regarding contract construction was inadmissible anyway.

**4.    If this Court believes some additional action is necessary, this Court should fashion a sanction short of exclusion.**

Plaintiff respectfully argues that the extending the discovery period to permit the Transdev to depose Plaintiff's treating physicians and identify any desired rebuttal experts is the appropriate remedy. If this Court, however, disagrees, this Court should fashion a sanction that is less severe than striking all of Plaintiff's medical causation testimony.

For instance, Transdev claims that it did not have sufficient time to depose Dr. Branch and identify its own rebuttal expert in time for Plaintiff to depose that expert. Should this Court believe that some additional sanction is appropriate, this Court could extend discovery to permit Transdev to depose Plaintiff's treating physicians and to identify a rebuttal expert, but not permit Plaintiff to depose that rebuttal expert. This would put Plaintiff at a distinct disadvantage at trial when crossing the rebuttal expert and would discourage late Rule 26(a)(2)(C) disclosures, but would not have the drastic effect of eliminating all Plaintiff's medical causation testimony. Although plaintiff believes that this sanction is unwarranted given the lack of prejudice to Transdev, it is more-appropriate than the sanction Transdev seeks.

## CONCLUSION

Although Plaintiff's initial disclosures did not comply fully with Rule 26(a)(2)(C), the harsh remedy of excluding all of Plaintiff's medical causation testimony is not appropriate—especially given that Plaintiff initially disclosed that treating doctors would give expert medical testimony, identified the treating doctors, and provided their medical records. Rather, the appropriate remedy is extending time for Transdev to conduct depositions and identify rebuttal experts.

Dated: April 8, 2016.          By:   /s/ Patrick J Hannon
                                     Patrick J. Hannon
                                     Ga. Bar No. 074321
                                     Hannon Law Firm, PC
                                     1230 Peachtree St. NE, Suite 950
                                     Atlanta, GA 30309
                                     678-358-0046; Fax: 404-393-9971
                                     phannon@hannonlawpc.com


                                     **BUDDOO & ASSOCIATES, P.C.**
                                     Lawrence L. Buddoo
                                     1401 Peachtree Street NE
                                     Suite 500
                                     Atlanta, Georgia 30309
                                     Telephone:   (404) 870-3557
                                     Facsimile:   (404) 400-2443
                                     Lawrence@atlautoaccidents.com

                                     *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on April 8, 2016, I electronically presented the foregoing **PLAINTIFF ALLESIA PATE'S RESPONSE TO DEFENDANT TRANSDEV SERVICES, INC.'S MOTION TO EXCLUDE LATE NAMED EXPERTST** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

>Scott H. Moulton
>Sean B. Cox
>Hall Booth Smith, P.C.
>191 Peachtree Street, N.E.
>Suite 2900
>Atlanta, GA 30303-1775

>**HANNON LAW FIRM, P.C.**
>
>  s/ Patrick J. Hannon
>Patrick J. Hannon
>Georgia Bar No. 074321
>*Counsel for Plaintiff*

1230 Peachtree St. NE, Suite 950
Atlanta, GA 30309
404-876-8100; Fax: 404-393-9971
phannon@hannonlawpc.com