UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLESIA PATE,

       Plaintiff,

     v.

VEOLIA TRANSPORTATION
SERVICES, INC.,

       Defendant.

CIVIL ACTION NO.

1:15-CV-2425-CAP

## O R D E R

This order memorializes the court's ruling following oral argument on the defendant's motion to exclude [Doc. No. 40] and the plaintiff's motion for an extension of the discovery period [Doc. No. 41].

## I.  Background

This is a personal injury action arising from injuries sustained by the plaintiff while riding as a passenger on a public transit bus on July 30, 2011. On March 25, 2016—the day the extended discovery period was set to close— the plaintiff moved for a thirty-day extension of time to complete discovery. The plaintiff requests this extension to provide the *defendant* with additional time to depose (and submit rebuttal reports for) the plaintiff's recently designated experts, which were first disclosed in the plaintiff's supplemental initial disclosures filed March 16-17, 2016 [Doc. Nos. 34, 36]. In her initial

disclosures filed October 9, 2015, the plaintiff stated that she had not retained an expert witness at the time and that she would "identify any witnesses expected to give expert testimony in the times laid out by the Court." [Doc. No. 21 at 5].[1] Also in the initial disclosures, without naming any particular witness, the plaintiff stated that her "treating physicians may provide expert medical testimony." [Doc. No. 21 at 5]. The defendant now moves to preclude the newly named witnesses listed in the plaintiff's supplemental initial disclosures from proffering expert testimony and, at the same time, opposes the plaintiff's motion for an extension of time to conduct further discovery.

During oral argument on May 19, 2016, the plaintiff represented to the court that she now wishes only to proffer the expert testimony of Dr. Thomas Branch. The plaintiff asks to use Dr. Branch as a non-retained, non-specially employed expert witness on the issue of causation and damages. Thus, as a preliminary matter, the court will GRANT the defendant's motion to exclude Drs. Moore, Weeks, Frazee, and Gordon as expert witnesses.

---

[1] The plaintiff made a similar statement in response to one of the defendant's written interrogatories.

## II.   Discussion

### A. Legal Framework

In addition to a party's required initial disclosures, a party must disclose the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court," and if the putative expert is "retained or specially employed to provide expert testimony," the party's disclosure must be accompanied by a written report that contains, among other things, a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).[2] If the witness is not required to submit a written report under Rule 26(a)(2)(B), the necessary disclosure must state the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Pursuant to Rule

---

[2] The plaintiff claims that Dr. Branch is not retained or specially employed to provide expert testimony [Doc. No. 34] and thus is exempt from filing a written report under Rule 26(a)(2)(B). Since the defendant did not challenge the adequacy of the supplemental initial disclosures (apart from a cursory statement during oral argument), the court does not address that issue in this order. For the purposes of this order, the court will assume that a Rule 26(a)(2)(C) disclosure is required for Dr. Branch and that the March 16-17 supplemental disclosures complied with that Rule.

3

26(e), a "party is subject to 'a continuing duty to make a seasonable supplementation to its original answers to any question asking for the identity of an expert witness expected to be called at trial, the subject matter on which the expert will testify[,] and the substance of his testimony.'" *Reese v. Herbert*, 527 F.3d 1253, 1266 n.19 (11th Cir. 2008) (quoting *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992)).

Local Rule 26.2(C) of the United States District Court for the Northern District of Georgia further expounds a party's duty to disclose expert witnesses and states the following:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Any party who fails to comply with Local Rule 26.2(C) "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified." Local Rule 26.2(C) (N.D. Ga.); *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless."). The burden of demonstrating that a failure to disclose was justified rests on the non-disclosing party. *Vision Airlines, Inc. v. SST Air, LLC*, No. 2:12-CV-00021-WCO, 2013 WL 6908935, at *3 (N.D. Ga. Feb. 27, 2013) (citation omitted). In the past, courts have looked to five factors in deciding whether an insufficient disclosure is harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *7 (N.D. Ga. Mar. 21, 2013) (citation omitted).

## B. Application

First, it is undisputed that the plaintiff's initial disclosures and her responses to the defendant's written discovery regarding her use of expert testimony did not comply with Rule 26(a)(2)(C). Assuming the March 16-17 supplemental disclosures complied with Rule 26(a)(2)(C), the question before the court is whether those disclosures also complied with Local Rule 26.2(C), which requires a party to designate an expert early enough in the discovery period to permit, among other things, the opposing party to depose the expert.

Since the plaintiff disclosed Dr. Thomas Branch—the only witness from whom the plaintiff now seeks to present expert testimony—on March 16, nine days before the close of discovery, the plaintiff arguably did not leave enough time for the defendant to depose that witness and identify any rebuttal witnesses before the close of the original discovery period on March 25. However, the court believes that the late disclosure of Dr. Branch was harmless. Dr. Branch was disclosed as the plaintiff's treating physician in the early stages of the original discovery period; the defendant can hardly claim to have been surprised that the plaintiff named Dr. Branch as an expert witness later in the same discovery period. Moreover, the testimony of Dr. Branch is quite important, if not necessary, to the plaintiff's case. *See Nixon v. Pierce Cty. Sch. Dist.*, 746 S.E.2d 225, 228 (Ga. Ct. App. 2013). If the plaintiff's expert is excluded, her case may not survive summary judgment. *See Kondragunta*, 2013 WL 1189493, at *7. Lastly, the plaintiff's late disclosure can be cured by granting an extension of the discovery period, which would provide the defendant with ample time to depose the witness and identify any rebuttal witnesses. *Kondragunta*, 2013 WL 1189493, at *8-9 (concluding the same).

For these reasons, and because this court has a strong policy of resolving cases on their merits, the court will re-open discovery under the

following conditions. The parties shall have thirty days from the date of this order's entry on the docket to depose Dr. Branch on the issue of causation and damages. The defendant, on the other hand, shall have ninety days from the date of this order's entry on the docket to identify any rebuttal witnesses and submit any required disclosures for its rebuttal witnesses. Should the defendant retain a rebuttal witness, the defendant shall disclose the witness early enough in the re-opened discovery period to allow the plaintiff to depose the witness.

In sum, the court finds good cause to GRANT the plaintiff's motion to re-open discovery [Doc. No. 41]. *See* Fed. R. Civ. P. 16(b)(4). The defendant's motion to exclude [Doc. No. 40] is GRANTED in part, DENIED in part; the plaintiff is limited to proffering the expert testimony of Dr. Thomas Branch. Lastly, as a housekeeping matter, the defendant has filed a motion for summary judgment [Doc. No. 45]. Because the substance of that motion is subject to change in light of the court's rulings herein, the court DIRECTS the clerk to TERMINATE the pending status of that motion. The defendant may re-file its motion for summary judgment within thirty days of the close of

[Space Intentionally Left Blank]

the re-opened discovery period.

**SO ORDERED** this 23rd day of May, 2016.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge